RECEIPT # _____
AMOUNT $ _150__
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _M_
DATE _2-11-04_

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

THERESA MADORE,
    Plaintiff

v.

ROBERT N. CARRIER, JR., OHIO STATE
LIFE INSURANCE COMPANY
    Defendants.

# 04 10289 DPW

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
## 28 U.S.C. § 1441 (a)

MAGISTRATE JUDGE _Dein_

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MASSACHUSETTS:**

Defendant, Ohio State Life Insurance Company ("Ohio State") files this Notice of Removal to the United States District Court for the District of Massachusetts from the Lowell Superior Court of the Commonwealth of Massachusetts in and for Middlesex County and states the following in support of this Notice of Removal:

1. The plaintiff, Theresa Madore, filed a civil action against the defendant, Ohio State, in the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, Civil Action No. 04-0210 entitled <u>Theresa Madore v. Robert N. Carrier, Jr., Ohio State Life Insurance Company</u>.

2. On or about January 22, 2004, the defendant, Ohio State, was served a copy of the Summons and Complaint through service on the Commissioner of Insurance for Massachusetts.

3. This Notice Of Removal is filed in the United States District Court for the District of Massachusetts within the time allowed by law for removal of civil actions. The documents attached hereto as Exhibit "A" constitute all of the process and pleadings served upon and by the defendant, Ohio State, to date.

22663.1

4. Plaintiff named Robert Carrier in the Complaint, a Massachusetts resident, but brings no specific counts against him nor prays for any relief from him.

5. The inclusion of Mr. Carrier as a defendant is mere pre-text to defeat diversity between the plaintiff and the defendant, Ohio State.

6. Plaintiff's Complaint has alleged no facts to which Mr. Carrier could be found liable to the Plaintiff.

7. Plaintiff's Complaint has failed to allege any wrongdoing by Mr. Carrier.

8. Plaintiff's Complaint has not demanded any relief from Mr. Carrier.

9. These facts indicate Mr. Carrier has been fraudulently joined as a party in order to defeat diversity jurisdiction.

10. "Fraudulent joinder exists when the complaint in effect at the time of removal states no claim against the non-diverse defendant." Coughlin et al. v. Nationwide Mutual Insurance Company et al., 776 F. Supp. 626, 628 (USDC-MA 1991)

11. In Coughlin, like the Plaintiff in the instant action, the Plaintiffs failed to allege that the non-diverse defendant failed to meet any legal obligations nor did the complaint demand relief from the non-diverse defendant. Id.

12. Parties fraudulently joined need not join the removal petition, and are to be disregarded in determining whether there is complete diversity. Id. at note 4.

13. This action is removable to this Court pursuant to 28 U.S.C. §1441(a) because this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that the plaintiff and the defendant are citizens of different states. Ohio State is a Texas corporation and its principal place of business is located in Kansas City, Missouri. Madore is a Massashusetts resident. Thus, diversity of citizenship exists. Moreover, the amount in controversy exceeds $75,000 based upon the plaintiff's claim that she is entitled to life insurance proceeds in the amount of $95,000. Plaintiff is also seeking attorney's fees associated with pursuing this litigation. Thus, in the event plaintiff prevails on her claims against Ohio State, plaintiff claims she is entitled to recover more than the $75,000 jurisdictional amount.

14. This Notice of Removal is being filed within thirty (30) days of receipt of the Summons and Complaint in accordance with 28 U.S.C. Sec. 1446(b).

15. A notice of the filing of this Notice of Removal and a true copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, as required by 28 U.S.C. Sec. 1446(d).

16. Pursuant to Local Rule 81.1(A), the defendant, Ohio State, shall request of the Clerk of the Superior Court of the Commonwealth of Massachusetts in and for

22663.1

Middlesex County, certified or attested copies of all docket entries therein, and shall file these documents with this Court within thirty (30) days after the filing of this Notice of Removal.

WHEREFORE, Ohio State prays that the action currently pending in the Superior Court of the Commonwealth of Massachusetts in and for Middlesex County be removed to the United States District Court for the District of Massachusetts.

    Respectfully submitted,

    OHIO STATE LIFE INSURANCE COMPANY,

    By Its Attorneys,

    _William T. Bogaert_
    William T. Bogaert, BBO#546321
    Carey L. Bertrand, BBO#650496
    WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER, LLP
    155 Federal Street
    Boston, MA 02110
    (617) 422-5300

Dated: 2/11/04

22663.1