IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:04CV10289DPW

| | |
|---|---|
| THERESA MADORE,<br>          Plaintiff<br><br>v.<br><br>ROBERT N. CARRIER, JR., OHIO STATE<br>LIFE INSURANCE COMPANY<br>          Defendants. | |

### DEFENDANT'S, OHIO STATE LIFE INSURANCE COMPANY, ANSWER TO PLAINTIFF'S COMPLAINT, COUNTERCLAIM AND JURY TRIAL DEMAND

#### FIRST DEFENSE

The Complaint of the Plaintiff fails to state a claim against Ohio State Life Insurance Company, upon which relief may be granted.

#### SECOND DEFENSE

The Defendant, Ohio State Life Insurance Company. ("Ohio State") responds to the Plaintiff's Complaint, paragraph by paragraph as follows:

1. The Defendant is without knowledge or information sufficient to either admit or deny allegations contained in Paragraph 1 of the Plaintiff's Complaint.

2. The Defendant admits the allegations contained in Paragraph 2 of the Plaintiff's Complaint.

3. The Defendant admits the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4. The Defendant admits that it is a business engaged in the writing of life insurance and is duly authorized to transact business in the Commonwealth of Massachusetts but denies it is an Ohio Corporation. The defendant further answers that it is a Texas corporation.

## COUNT I

5. The Defendant admits the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. The Defendant admits that on or about February 20, 2002, policy U1299952 was issued to both Theresa and Rene Madore and denies the remainder of the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. The Defendant admits the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8. The Defendant answers that the terms and conditions of the policy speak for themselves and denies the remainder of the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. The Defendant admits that the Plaintiff paid premiums and denies the remainder of allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. The Defendant denies the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. The Defendant admits the allegations contained in Paragraph 11 of the Plaintiff's Complaint.

12. The Defendant admits that it has not paid the demanded sum to the Plaintiff but denies that it has any obligation to do so.

13. The Defendant denies the allegations contained in Paragraph 13 of the Plaintiff's Complaint and further denies that the Plaintiff is entitled to judgment in any amount from the Defendant.

## COUNT II

14. The Defendant reasserts and incorporates by reference herein each of its responses set forth in paragraphs 1 through 14 to the Plaintiff's Complaint.

15. The Defendant denies the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. The Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendant denies the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendant denies the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. The Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint and further denies that the Plaintiff is entitled to judgment in any amount from the Defendant.

## COUNT III

21. The Defendant reasserts and incorporates by reference herein each of its responses set forth in paragraphs 1 through 14 to the Plaintiff's Complaint.

22. The Defendant admits that the Plaintiff through her counsel sent correspondence to the Defendant but denies that such letter constitutes a proper demand under the Statute cited and denies the remainder of the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. The Defendant admits the allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. The Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. The Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint and further denies that the Plaintiff is entitled to judgment in any amount from the Defendant..

WHEREFORE, the Defendant requests that this Honorable Court dismiss all counts and award the Defendant attorney's fees and costs and any other relief deemed just and equitable.

### THIRD AFFIRMATIVE DEFENSE

By way of affirmative defense, the plaintiff has failed to state a cause of action in her complaint for which relief can be granted. Federal Rules of Civil Procedure 12 (b)(6).

### FOURTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff, by her conduct and actions and/or the conduct and actions of her deceased husband, is estopped to recover any judgment against the defendant.

### FIFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff has, by her actions and/or by the conduct and actions of her deceased husband, waived any and all rights she may have had against the defendant, and, therefore, the plaintiff cannot recover in this action.

### SIXTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff breached the terms and conditions of the agreement or contract alleged in the plaintiff's complaint and that, therefore, the plaintiff cannot recover.

### SEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff did not comply with the conditions and the requirements of the policy of insurance alleged in the plaintiff's complaint and the statutes of the Commonwealth of Massachusetts and that therefore, the plaintiff cannot recover in this action.

### EIGHTH AFFIRMATIVE DEFENSE

22994.1

By way of affirmative defense, the defendant says that the plaintiff breached the terms and conditions of the agreement or contract alleged in the complaint and that, therefore, the plaintiff cannot recover.

### NINTH AFFIRMATIVE DEFENSE

By way of affirmative defense, no private right of action for violations of M.G.L. Ch. 176D is asserted in Count II.

### TENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the insurance policy described in the plaintiff's complaint was made void by reason of the willful concealment and/or misrepresentation of material facts or circumstances concerning the policy of insurance and/or the subject thereof and/or the interest of the plaintiff therein and, therefore, the plaintiff cannot maintain this action.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that the plaintiff has failed to comply with the conditions precedent to the bringing of this action, as required by Massachusetts General Laws, Chapter 93A, §9(3).

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the complaint fails to state a claim against the defendant upon which relief can be granted in that the plaintiff is not entitled to recovery under G.L.c. 93A.

### THIRTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that if the defendant committed the acts complained of, which the defendant denies, the defendant was lawfully authorized to do so or had good reason to believe the defendant was authorized to do so and is thus, not liable for multiple damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, the defendant says that its actions were otherwise permitted under the General Laws of this Commonwealth as administered by the Commissioner of Insurance and that, therefore, the plaintiff cannot recover in this action.

<u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

By way of affirmative defense, the defendant says that the insurance policy described in the plaintiff's complaint was made void by statements made by the plaintiff's decedent which were willfully false, fraudulent and/or misleading.

<u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

By way of affirmative defense, the misrepresentations were material which increased the risk of loss.

## **COUNTERCLAIM AGAINST THERESA MADORE**

1. The Plaintiff/defendant in counterclaim, Theresa Madore ("Madore") is an individual allegedly residing in Methuen, MA.

2. The Defendant/plaintiff in counterclaim, Ohio State Life Insurance Company, is a company incorporated in Texas and licensed to do business in Massachusetts.

3. On February 7, 2002, Madore applied for life insurance as the "proposed insured" and Rene M. Madore was noted as a "proposed other insured."

4. The life insurance application was taken by Agent, Robert Carrier in the home of Theresa and Rene Madore.

5. As part of the application process, the Agent Carrier read aloud to both Rene and Theresa the application questions and recorded both the "proposed insured's" and "proposed other insured's" answers on the application itself. (A copy of the Madore's application is attached herewith as Exhibit "A.")

6. Application Question J.1.n, under the Medical Questions Section where the answer was to be for all persons to be covered asked: "In the past ten years, has any proposed insured had, been diagnosed as having, sought medical advice, received or been recommended treatment for any of the following: alcohol use or addiction?"

7. Both proposed insureds answered "No," to Question J.1.n.

8. Application Question I.2.c, under the General Questions About Persons to be Covered Section asked: "Has any person to be covered in the past 5 years, had a driver's license suspended or revoked, or been convicted for reckless driving or driving under the influence: OR in the past 3 years had more than 2 moving violations?"

6

9.  Both proposed insureds answered "No" to Question I.2.c.

10. After the Agent had completed reading and recording the answers of Theresa and Rene, both Theresa and Rene reviewed the application.

11. The proposed insureds confirmed that they had reviewed the application and signed the application stating that they had read the application, the answers in the application were complete and to the best of their knowledge and acknowledging that any person who knowingly presents a false or fraudulent claim for payment of loss or benefit or knowingly presents false information in an application is guilty of a crime and may be subject to fines and confinement in prison.

12. The policy together with the application attached was issued by Ohio State relying upon the answers in the application completed by both Theresa and Rene Madore.

13. The policy was then delivered to the Madores. (A copy of the policy is attached herewith as Exhibit "B.")

14. The policy cover page states that insureds had a twenty-day right to examine the policy which was clearly printed on the cover page of the policy itself.

15. The policy attached as Exhibit B contained a so-called incontestability provision, which states as follows: "We cannot contest this policy after is has been in force for 2 years from its date of issue and during the insured's lifetime…policy contests will be limited to material misstatements in the application."

16. The policy also contained a suicide exclusion which limited payment to an amount representative of the premiums paid less any indebtedness if the insured dies while the policy is in force and within two years after the policy date.

17. Theresa and Rene accepted the policy.

18. On June 10, 2003 at approximately 5pm, while a pedestrian walking across the railroad tracks in Wilmington, MA, Rene Madore was a struck by a Boston-Maine passenger train.

19. On or about June 24, 2003, Plaintiff/Defendant in counterclaim made a claim for death benefits under the policy shortly thereafter.

20. Since Mr. Madore's death occurred within two years from the policy issue date, an investigation was conducted by Ohio State.

21. As a result of the investigation, Ohio State learned that Mr. Madore's driver's license had been suspended approximately four (4) times in the five year period prior to the application date of the policy and had incurred several moving violations and surchargeable events.

22. In February and May 2000, Rene Madore was ordered to attend an alcohol treatment program due to arrests for driving under the influence of alcohol. (A copy of the Registry of Motor Vehicles Driving Record for Rene Madore is attached herewith as Exhibit "C.")

23. These facts indicate that Rene Madore provided willfully false, fraudulent and misleading answers in his application for life insurance when he answered "No" to questions I.2.c and J.1.n on the application.

24. Since this application was completed by both Theresa and Rene Madore, the Plaintiff/Defendant in counterclaim Theresa Madore also provided willfully false, fraudulent and misleading answers in the application by stating the answers in the application were true and complete to the best of her knowledge.

25. These answers to questions I.2.c and J.1.n were made with the intent to mislead the insurer.

26. Had Ohio State known the true facts, Ohio State would not have issued the policy.

27. These answers to Questions I.2.c and J.1.n on the application materially increased the risk of loss to Ohio State and Ohio State would not have issued the policy at all or would have issued it on different terms had it known the true facts.

28. Ohio State notified the Plaintiff/Defendant in counterclaim that the policy was void *ab initio* and the premiums paid were returned to the beneficiary.

## COUNT I RESCISSION UNDER M.G.L. Ch. 175 §124

29. The Defendant/Plaintiff in Counterclaim repeats, realleges and incorporates by reference as if set forth fully herein paragraphs 1-27 of the Counterclaim.

30. Plaintiff/Defendant in counterclaim and the Plaintiff's decedent made statements on the application for life insurance which were provided willfully false, fraudulent and misleading.

31. Therefore, the policy of insurance is void *ab initio* and pursuant to M.G.L. Ch. 175 § 124.

WHEREFORE, the plaintiff in counterclaim, Ohio State, demands rescission of the insurance policy at issue and demands judgment against the defendant in counterclaim, Theresa Madore, for its attorneys' fees and costs and any other relief this honorable Court deems just and equitable.

## COUNT II RESCISSION UNDER M.G.L. Ch. 175 §186

32. The Defendant/Plaintiff in Counterclaim repeats, realleges and incorporates by reference as if set forth fully herein paragraphs 1-30 of the Counterclaim.

8

22994.1

33. Plaintiff/Defendant in counterclaim and the Plaintiff's decedent made material misrepresentations in the application with the intent to deceive and which increased the risk of loss to Ohio State.

34. Therefore, the policy of insurance is void *ab initio* and pursuant to M.G.L. Ch. 175 § 186.

WHEREFORE, the plaintiff in counterclaim, Ohio State, demands rescission of the insurance policy at issue and demands judgment against the defendant in counterclaim, Theresa Madore, for its attorneys' fees and costs and any other relief this honorable Court deems just and equitable.

**THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

The Defendant,
OHIO STATE LIFE INSURANCE COMPANY

By their attorneys,

_____
William T. Bogaert, Esq., BBO# 546321
Carey L. Bertrand, Esq., BBO#650496
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
155 Federal Street
Boston, MA 02110

CERTIFICATE OF SERVICE

I, William T. Bogaert, hereby certify that a true copy of the foregoing *document* was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 17th day of February 2004 to:

Thomas D. Kennedy
Law Office of Thomas D. Kennedy
147 East Merrimack Street
Lowell, MA 01852

_____
William T. Bogaert

22994.1