IN THE UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO:04CV10289DPW

THERESA MADORE,
         Plaintiff

v.

ROBERT N. CARRIER, JR., OHIO STATE
LIFE INSURANCE COMPANY
         Defendants.

## STIPULATION OF DISMISSAL with PREJUDICE

    The plaintiff, Theresa Madore, and the defendants, Robert N. Carrier, Jr. and Ohio State Life Insurance Company hereby stipulate and agree that this matter, including all claims, and crossclaims, be dismissed with prejudice, without costs, each party to bear his or their own attorneys' fees, and each side waiving his, her or its right of appeal.

| | |
|---|---|
| THERESA MADORE<br>By her Attorney,<br><br>_____<br>Thomas D. Kennedy, BBO#654263<br><br>147 East Merrimack St.<br>Lowell, MA 01852<br>(978)-323-4644 | OHIO STATE LIFE INSURANCE CO.,<br>By its Attorneys,<br><br>_____<br>William T. Bogaert, BBO#546321<br>Carey L. Bertrand, BBO#650496<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>155 Federal Street<br>Boston, MA 02110<br>(617) 422-5300 |

ROBERT N. CARRIER, JR.,
By his Attorney,

_____ w/ permission
Nancy M. Reimer, BBO#555373
DONOVAN HATEM LLP
Two Seaport Lane
Boston, MA 02210
(617)406-4500

Dated: 3/17/04

23570.1

## CERTIFICATE OF SERVICE

I, Carey L. Bertrand, hereby certify that a true copy of the foregoing document was served upon all counsel of record by forwarding a copy of the same, first class mail, postage prepaid on this 17 day of March 2004 to:

Thomas D. Kennedy
Law Office of Thomas D. Kennedy
147 East Merrimack Street
Lowell, MA 01852

Nancy M. Reimer
Donovan Hatem LLP
2 Seaport Lane
Boston, MA 02210

*/s/ Carey L. Bertrand*
Carey L. Bertrand

23570.1

2

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

WHEREAS:

(A)  This is a Settlement Agreement and General Release (hereinafter "Agreement") entered into between THE OHIO STATE LIFE INSURANCE COMPANY, FINANCIAL HOLDING CORPORATION AND AMERICO LIFE, INC. (hereinafter "Ohio State"), ROBERT N. CARRIER, JR. (hereinafter "Carrier"), and THERESA MADORE (hereinafter "Madore"). Ohio State, Carrier and Madore are hereinafter collectively referred to as "the Parties".

(B)  Ohio State issued to Madore the following described policies:

Life Insurance Policy Number U1299952 (hereinafter "the Policy").

(C)  A dispute and controversy has arisen between the Parties concerning death benefits under policy U1299952; and

(D)  The Parties wish to amicably compromise and settle all disputes and controversies currently pending between them.

THEREFORE, IN CONSIDERATION of the mutual promises set forth below and other good and valuable consideration, the Parties hereby agree to the following settlement provisions.

(1) Madore, on behalf of herself, her heirs, executors, administrators, successors and assigns, does hereby release, acquit and forever discharge Ohio State, its officers, trustees, attorneys, employees, agents, financial representatives, affiliates, successors and assigns and Carrier and his attorneys, employees, agents, financial representatives, affiliates, successors and assigns and (hereinafter collectively "Releasees"), of and from any and all causes of action, suits, accounts, debts, liabilities, claims and demands whatsoever, known and unknown, (including, but not limited to, any and all claims for attorneys' fees) which Madore, has had, now has, or may hereafter may have against Releasees or any of them, related to or connected with any and all matters, acts, omissions or events which have occurred or existed from the beginning of time to the date of execution of this Agreement, including, but not limited to, those which arise out of or are in any manner whatsoever, directly or indirectly, connected with or related to:

(a) The Policy;

(b) The action captioned, Superior Court of the Commonwealth of Massachusetts in and for Middlesex County, Civil Action No. 04-0210 entitled <u>Theresa Madore v. Robert N. Carrier, Jr., Ohio State Life Insurance Company</u> which was removed to United States District Court and is now pending as C.A. No. 04 CV 10289DPW including the counterclaim filed by Ohio State against Madore (hereinafter "the Action"), the subject matter

23710.1

thereof or any claim or cause of action that could have been asserted in the Action; or

(c) Any act, omission, dealing, investigation, communication, claims administration, conduct, negotiation, statement or litigation tactic, of any kind whatsoever by any of the Releasees, or between Madore or her representative and any of the Releasees, or between anyone acting or purporting to act on their respective behalves.

(2) Madore agrees that the Policy is hereby terminated and is of no further force or effect and that all rights thereunder, if any, have terminated. Madore further agrees that the Policy will remain terminated and cannot be reinstated.

(3) Ohio State on behalf of itself and its successors and assigns and Carrier on behalf of himself do hereby release, acquit, and forever discharge Madore, her successors and assigns, of and from any and all causes of action, suits, accounts, debts, liabilities, claims and demands whatsoever, known and unknown, (including, but not limited to, any and all claims for attorneys' fees), which Ohio State and Carrier has had, now has or may hereafter have against Madore, related to or connected with any and all matters, acts, omissions or events which have occurred or existed from the beginning of time to the date of execution of this Agreement, including, but not limited to, those which arise out of or are in any manner whatsoever, directly or indirectly, connected with or related to:

(a) The Policy;

(b) Any death benefits or waiver of premium benefits paid to Madore, whether or not paid under a reservation of rights;

(c) The Action; or

(d) Any act, omission, dealing, investigation, communication, claims administration, conduct, negotiation, statement or litigation tactic, of any kind whatsoever by Madore, or between Ohio State or its representatives, Carrier and Madore, or between anyone acting or purporting to act on their respective behalves.

(4) Upon execution of this agreement, the Action will be dismissed in its entirety, with prejudice, with all Parties to bear their own expenses, costs of suit and attorneys' fees. The Parties' attorneys are hereby expressly authorized and instructed to execute and provide all documents necessary to cause such dismissal.

(5) Madore hereby acknowledges that the terms of the settlement agreed to herein constitutes full satisfaction and discharge of all of the causes of action, counterclaims, suits, accounts, debts, liabilities, claims and demands. In this connection, Madore warrants, represents and agrees that the sole consideration for executing this Agreement and for releasing said causes of action, suits, accounts, debts, liabilities, claims and demands is as set forth herein.

2

(6) Madore and Releasees further warrant, represent and agree that in executing this Agreement, they do so with full knowledge of any and all rights that they may have with respect to the controversies herein compromised. In this regard, Madore and Releasees understand, acknowledge and agree that this Agreement is not an admission of liability on the part of Releasees, or any of them, or of Madore, but, to the contrary, represents a compromise of asserted claims and counterclaims, which are expressly contested, disputed and denied.

(7) Madore and Releasees further state that they are not relying and have not relied on any representation or statement made by the other Party, with respect to the facts involved in said controversies or with regard to their rights or asserted rights. The Parties hereby assume the risk of all mistakes of fact with regard to said controversies and with regard to all facts which are now unknown to them relating thereto. The Parties assume the risk of any and all claims or demands which may exist, but which they do not know or suspect to exist in their favor.

(8) Madore and Releasees further warrant and represent that no other person or entity has any interest in the matter released herein, and that they have not assigned or transferred or purported to assign or transfer to any person or entity all or any portion of the matters released herein.

(9) This Agreement contains the entire agreement between the Parties with regard to the matters set forth in it, and it shall be binding upon and inure to the benefit of the executors, administrators, heirs, successors and assigns of each of them.

(10) This Agreement is entered into in the State of Massachusetts and shall be construed and interpreted in accordance with its laws.

(11) Madore shall bear her own risk as to the tax consequences of this Agreement and the accomplishment of the terms herein.

OHIO STATE, CARRIER AND MADORE ACKNOWLEDGE THAT THEY HAVE EACH HAD THE OPPORTUNITY TO DISCUSS THE TERMS OF THIS AGREEMENT WITH COUNSEL, THAT THEY HAVE READ THIS AGREEMENT AND FULLY KNOW, UNDERSTAND, AND APPRECIATE ITS CONTENTS, AND THAT THEY EXECUTE THE SAME AND MAKE THE AGREEMENT PROVIDED FOR HEREIN VOLUNTARILY AND OF THEIR OWN FREE WILL.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as of the dates hereinafter appearing.

Dated this 15th day of March, 2004.

X _____
Theresa Madore

STATE OF MASSACHUSETTS

COUNTY OF Middlesex

BEFORE ME, the undersigned authority, personally appeared Theresa Madore who executed before me the foregoing Agreement, and who acknowledged before me that she executed the same after producing **MA License** as identification.

SWORN AND SUBSCRIBED before me on this 15th day of March, 2004.

_____
Notary Public

My commission expires: 4/11/08

4

23710.1

Dated this 16TH day of March, 2004.

_Cathy Hunt_
By: CATHY HUNT - VP
as representative of The Ohio State Life Insurance Company

STATE OF MISSOURI

COUNTY OF JACKSON

    BEFORE ME, the undersigned authority, personally appeared CATHY HUNT as representative of The Ohio State Life Insurance Company, who executed before me the foregoing Agreement, and who acknowledged before me that he executed the same after producing Photo / I. D. as identification.

SWORN AND SUBSCRIBED before me on this 16TH day of March, 2004.

_Karen K. Dame_
Notary Public

My commission expires: 8-03-07

(seal)

> Karen K. Dame
> Notary Public - Notary Seal
> State of Missouri
> County of Jackson
> Expires August 03, 2007

23710.1

5